# IN THE CIRCUIT COURT FOR THE TWENTY-EIGHTH JUDICIAL DISTRICT
# HAYWOOD COUNTY AT BROWNSVILLE, TENNESSEE

STATE OF TENNESSEE

v.  NO. 2401

DWIGHT MILLER

FILED
6-28-99 Time 12:50 PM
JOE S. MOORE, Clerk
_____ D.C.

## MOTION

Comes now the defendant by and through counsel and respectfully moves to remove this case from the trial docket and reschedule the trial for the end of the next term or sometime in the January term of Court.

Counsel would show that on June 24, 1999 while reviewing discovery with Assistant Attorney General Ted Neumann, he disclosed certain information to the defense that was previously unknown. Such information involved the original law enforcement investigation of the murder of Donald Rice and related to a witness known to law enforcement who disclosed the name of the witness to the prosecution sometime in 1995 (or prior to the original trial). This witness advised law enforcement that she had seen the decedent on or about the evening of his death engaged in a quarrel over money with people she identified as being "from Memphis."

The notes of Mr. Neumann on this matter indicated that such information could be beneficial to the prosecution if it linked the defendant to the other parties; however, the information disclosed to this counsel did not show or state that the witness had ever mentioned or implicated Dwight Miller to these other parties or that she had even seen Dwight Miller.

Furthermore, Mr. Neumann's notes indicated that this information was likewise possibly exculpatory toward the guilt of Dwight Miller and should be disclosed to the defense.

Apparently, at some point, Mr. Neumann was reassigned and other counsel

took over the Miller prosecution and inadvertently omitted to advise defense counsel of this information despite Mr. Neumann's memorandum and despite the specific motion of the defense for the prosecution to disclose information that would be exculpatory (Defense Motion 33, Order granting Motion entered 1/11/96).

The defense contended through this case that Dwight Miller was not the person who committed this homicide and that it was done by other, unknown parties. Obviously, information that the victim was in a quarrel over money with other individuals was relevant and material to the defense and should have been provided the defense as Mr. Neumann so indicated.

The undersigned counsel and the other lawyers on staff and Investigator Cliff Worden are all prepared to provide either an affidavit or sworn testimony that this information as outlined above was not provided to the defense until June 24, 1999.

Wherefore, the defense moves for adequate time to investigate and properly prepare whatever defense may result from this information. The defendant, although incarcerated, has specifically advised his undersigned counsel to procure a trial continuance in order to provide him with a full, fair and competent defense.

The undersigned would further state that he is authorized to say that the Assistant District Attorney General who has trial responsibility does not object to this Motion.

This the 25th day of June, 1999.

DISTRICT PUBLIC DEFENDER
TWENTY-EIGHTH JUDICIAL DISTRICT

BY: _____
Tom W. Crider, BPR#7620
District Public Defender
107 South Court Square
Trenton, TN 38382
(901) 855-7821
Attorney for Defendant