IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT MILLER, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 1:15-cv-01281-STA-egb |
| KEVIN GENOVESE, | ) ) | |
| Respondent. | ) ) | |

ORDER DENYING MOTIONS

Before the Court are Petitioner Dwight Miller's motions for discovery (ECF Nos. 32 and 33), as well as his "Motion for Clarification" (ECF No. 40). For the reasons that follow, the motions are **DENIED**.

On November 20, 2015, Miller filed a 77-page *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Petition"), in which he asserts fifty-three claims. (ECF No. 1.) Respondent filed the state court record and a lengthy Answer on February 13, 2017. (ECF Nos. 23 and 24.) He argues that six claims are properly exhausted but without merit, and the remaining claims are procedurally defaulted. (*Id.*) On April 17, 2017, Petitioner filed a "Motion for Leave to Conduct Discovery & Motion for Fact Finding Procedures/Expansion of the Record" (ECF No. 32), a "Motion for Fact Finding Procedures" (ECF No. 33), and a 36-page joint Reply and memorandum in support of his motions (ECF No. 34). Respondent filed a response opposing the motions. (ECF No. 39.) On September 1, 2017, Petitioner filed a "Motion for Clarification" asking the Court whether he is allowed to file interrogatories with the Clerk of Court. (ECF No. 40.)

1

Petitioner asserts that he is entitled to discovery to develop facts which would establish "cause" under *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), to excuse his numerous procedural defaults.[1] The Supreme Court in *Martinez* held that the ineffectiveness of post-conviction counsel may be cause to excuse the default of an ineffective-assistance-of-trial-counsel claim. *Id.*; *see also Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013). Respondent argues that Miller's discovery requests should be denied because he "fail[s] to state sufficient facts to make a showing of good cause and fail[s] to demonstrate that the requested materials, if obtained, would entitle [him] to relief under an asserted claim." (ECF No. 39 at 1.)

"[U]nlike the usual civil litigant in federal court," a § 2254 petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, he must "provide reasons" which establish "good cause" for the request. *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 6. Good cause does not exist when there is no "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation marks omitted and alteration in original).

If an evidentiary hearing on a habeas claim is prohibited under the circumstances prescribed by 28 U.S.C. § 2254(e)(2) or *Cullen v. Pinholster*, 563 U.S. 170 (2011), or if the claim is procedurally defaulted and the default is unexcused, discovery on the claim would be futile. Under such circumstances, the request for discovery should be denied for lack of good cause. *See Vizcaino-Ramos v. Lindamood*, No. 1:14-cv-1230-STA-egb, 2017 WL 5163588,

---

[1] A § 2254 petitioner procedurally defaults a claim when he fails to fairly present the claim through one complete round of the state's appellate review process and he can no longer exhaust because a state procedural rule or set of rules have closed-off any "remaining state court avenue" for review of the claim on the merits. *Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007).

at *4 (W.D. Tenn. Nov. 7, 2017) (denying petitioner's request for discovery where *Pinholster* and § 2254(e)(2) prohibited expansion of the record, and where claim was procedurally defaulted and the default was unexcused); *Caudill v. Conover*, 871 F. Supp. 2d 639, 646 (E.D. Ky. 2012) ("It would defy logic to preclude a petitioner from developing factual information in an evidentiary hearing [under *Pinholster*], but allow her to introduce the same factual information via discovery and expansion of the record.").

Although some courts hold that *Martinez* may provide good cause for discovery or expansion of the record, *see e.g.*, *Quintero v. Carpenter*, No. 3:09-cv-00106, 2014 WL 7139987, at *1 (M.D. Tenn. Dec. 12, 2014) (granting "evidentiary hearing to demonstrate *Martinez* cause"), it is also true that discovery is not necessary if the state court record establishes that *Martinez* does not apply. *See e.g., Hall v. Carpenter*, No. 05-1199-JDB-egb, 2015 WL 1464017, at *33 (W.D. Tenn. Mar. 30, 2015) ("As [petitioner's] claims are not entitled to merits consideration under *Martinez*, [his] request for discovery deserves no further attention.").

Given the number of procedurally defaulted claims in the present case, the Court will consider Petitioner's discovery arguments when it addresses the merits of the Petition. If the Court determines that discovery is warranted, it will so order.

Accordingly, the discovery motions are **DENIED** without prejudice. The "Motion for Clarification" is **DENIED** as moot.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 26, 2018

3