IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DWIGHT MILLER,           ) | |
|           ) | |
|    Petitioner,     ) | |
|           ) | |
| v.            ) | Case No. 1:15-cv-01281-STA-jay |
|           ) | |
| KEVIN GENOVESE,       ) | |
|           ) | |
|    Respondent.    ) | |

ORDER DENYING WITHOUT PREJUDICE EMERGENCY MOTION
FOR AN UNCONDITIONAL WRIT OF HABEAS CORPUS

On May 13, 2021, the Court issued a conditional writ of habeas corpus. (ECF No. 64.) The writ specifies that Petitioner Dwight Miller is to be released from state custody "unless Respondent [Kevin Genovese] notifies the Court within thirty days of entry of this order that the State of Tennessee intends to retry Miller . . . *and* actually commences Miller's retrial within 120 days of entry of this order." (*Id.* at 2 (emphasis in original).) Respondent filed a timely notice of the State's intent to retry Petitioner. (ECF No. 65.) The time to commence a retrial will expire on September 10, 2021. On September 7, 2021, Petitioner filed, through counsel, a document titled "Dwight Miller's Emergency Motion for an Absolute Grant of Habeas Corpus." (ECF No. 66.) For the following reasons, the motion is **DENIED**.

"[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). A court may grant an unconditional writ upon finding that the respondent has not complied

with the terms of a conditional writ.  *See e.g.*, *Means v. Phillips*, 136 F. Supp. 3d 872, 896 (W.D. Tenn. 2015) (granting "Petitioner's request to make the conditional writ of habeas corpus an unconditional writ" due to respondent's failure to comply with terms of the conditional writ).

In the present matter, Miller seeks "an absolute writ of habeas corpus that ensures his immediate release from custody and bars his re-prosecution." (*Id.* at 7.)  In support, he alleges the State never intended to retry him, filed its notice of intent in "bad faith," and cannot meet the approaching retrial date.  (*Id.*)  He does not dispute, however, that the time for retrial has not yet expired.  Therefore, the request for an absolute writ of habeas corpus is premature.  The motion is **DENIED** without prejudice.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 8, 2021