IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DWIGHT MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:15-cv-01281-STA-jay |
| v. ) | |
| ) | |
| KEVIN GENOVESE, ) | |
| ) | |
| Respondent. ) | |

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR AN UNCONDITIONAL WRIT OF HABEAS CORPUS, THE EXPUNGEMENT OF PETITIONER'S CONVICTION, AND BARRING THE REPROSECUTION OF THE PETITIONER BY THE STATE OF TENNESSEE**

**I. PRELIMINARY STATEMENT**

Comes now Respondent, by and through undersigned counsel, with a response in opposition to Petitioner's Motion For An Unconditional Writ of Habeas Corpus, the Expungement of Petitioner's Conviction, and Barring the Reprosecution of Petitioner by the State of Tennessee. (ECF No. 70). Petitioner was released from custody on September 10, 2021, in compliance with this Court's grant of a conditional writ of habeas corpus, and proceedings for his retrial are currently ongoing. Petitioner now seeks to bar the State of Tennessee from reprosecuting him, but he has not shown that extraordinary circumstances exist to warrant this extreme remedy. Accordingly, this Court should deny the motion.

**II. PROCEDURAL HISTORY**

In 1996, a jury convicted Petitioner of first degree murder, and the trial court imposed a sentence of life imprisonment. *State v. Miller*, No. 02C01-9708-CC-00300, 1998 WL 902592, at

1

*1 (Tenn. Crim. App. Dec. 29, 1998).  On appeal, the Tennessee Court of Criminal Appeals remanded the case for a new trial.  *Id.*  Following a retrial, a jury again convicted Petitioner of first degree murder, and the trial court sentenced him to life imprisonment.  *State v. Miller*, No. W2001-03095-CCA-R3-CD, 2004 WL 115374, at *1 (Tenn. Crim. App. Jan. 14, 2004), *perm. app. denied* (Tenn. May 10, 2004).  On delayed direct appeal, the Court of Criminal Appeals concluded, *inter alia*, that the trial court did not err by admitting the testimony of unavailable witness Katherine Blackwell.  *State v. Miller*, No. W2011-00447-CCA-R3-CD, 2013 WL 324401, at *8-13 (Tenn. Crim. App. Jan. 28, 2013), *perm. app. denied* (Tenn. June 13, 2013).

On November 20, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF Nos. 1, 1-1, 1-2, 1-3.)  Respondent filed an answer to the petition, (ECF No. 23), and this Court subsequently directed the parties to provide supplemental briefing on the issue of whether the admission of Ms. Blackwell's prior testimony violated Petitioner's constitutional right of confrontation.  (ECF No. 47, Page ID# 6082.)  This Court ultimately denied the petition but granted Petitioner a limited certificate of appealability regarding the admission of Ms. Blackwell's testimony.  (ECF No. 50, Page ID# 6161-63.)

The United States Court of Appeals for the Sixth Circuit reversed the denial of the habeas petition and remanded the case with instructions for this Court to grant Petitioner a conditional writ of habeas corpus.  (ECF No. 58, Page ID# 6217.)  The Sixth Circuit issued the mandate on May 12, 2021.  (ECF No. 61.)

On May 13, 2021, this Court granted Petitioner a conditional writ of habeas corpus that would "result in his release unless Respondent notifies the Court within thirty days of entry of this order that the State of Tennessee intends to retry [Petitioner] based on evidence other than that contained in Kathy Blackwell's redacted transcript *and* actually commences [Petitioner's] retrial

within 120 days of entry of" the writ. (ECF No. 64, Page ID# 6227-28 (emphasis in original).) The writ thus resulted in a deadline of September 10, 2021, in which Petitioner's retrial was to commence or he was to be released.

On June 11, 2021, Respondent filed a notice of the State's intent to retry Petitioner. (ECF No. 65.) On September 7, 2021, Petitioner filed an Emergency Motion for an Absolute Grant of Habeas Corpus. (ECF No. 66.) This Court denied the motion without prejudice because the time for complying with the conditional writ had not expired. (ECF No. 67, Page ID# 6239-40.) Petitioner filed a second Emergency Motion for an Absolute Grant of Habeas Corpus on September 10, 2021, which this Court again denied as premature. (ECF Nos. 68, 69.)

Although the State made efforts to begin Petitioner's retrial, the retrial did not commence by September 10, 2021. Petitioner therefore was released from custody on September 10, 2021, in compliance with this Court's conditional writ. On October 18, 2021, Petitioner filed the present motion for unconditional writ of habeas corpus. (ECF No. 70.)

### III. ARGUMENT

Petitioner asks this Court to grant an unconditional writ of habeas corpus. (ECF No. 70.) He asserts that the State filed its notice of intent to retry him in bad faith and that the State never had the intention of retrying Petitioner. (*Id.* at Page ID# 6263-65, 6266, 6267.) He contends that the State's "gamesmanship, bad faith filings, and callous indifference to" his incarceration constitute extraordinary circumstances barring his retrial. (*Id.* at Page ID# 6266-67.)

"'In a typical case in which a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, the state is not precluded from rearresting petitioner and retrying him under the same indictment.'" *D'Ambrosio v. Bagley*, 656 F.3d 379, 383 (6th Cir. 2011) (quoting *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006)). Only "'in

3

extraordinary circumstances, such as when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial, a habeas court may forbid reprosecution.'" *Girts v. Yanai*, 600 F.3d 576, 583 (6th Cir. 2010) (quoting *Satterlee*, 453 F.3d at 370) (additional quotations and citations omitted).  But "as the term 'extraordinary' implies, courts should award relief in the form of barring reprosecution sparingly, reserving this drastic remedy for the most outrageous cases where the prisoner languishes behind prison bars while the State remains passive in the face of accumulating prejudice to the petitioner." *Scott v. Bock*, 576 F. Supp.2d 832, 837 (E.D. Mich. 2008).  Indeed, "[u]nless the constitutional violation is not redressable at a new trial, or the second trial would be especially unjust, the bar on reprosecution is difficult to justify." *Id.* at 837-38.

Here, Petitioner has failed to demonstrate that extraordinary circumstances warrant a bar on reprosecution.  As an initial matter, the State's June 11, 2021 Notice of Retrial was not filed in bad faith.  After the notice was filed, and before the 120-day period expired, the District Attorney General's office took steps to bring the case to trial.  The District Attorney General's office spoke with a witness from Petitioner's trial and learned that multiple witnesses from the trial were deceased or had unknown whereabouts.  (Appendix 1 at 1-2.)  The office engaged in internal discussions about how to proceed with the matter and engaged in plea negotiations, procedural issues, and discussions about resolving the case with Petitioner's federal habeas counsel.  (*Id.* at 2.)  The District Attorney General also stated that the age of the case and circumstances related to the COVID-19 pandemic posed logistical hurdles to commencing Petitioner's trial within the 120-day deadline.  (*Id.*)

The Circuit Court Judge had a conflict with the case because he was the District Attorney

4

who prosecuted the original case, and a request was therefore made of the Tennessee Administrative Office of the Courts to appoint a new judge to allow the case to proceed. (*Id.* at 2; Appendix 2 at 1.) The trial court appointed counsel for Petitioner, and the trial court issued a scheduling order providing the parties with a briefing schedule and stating that the court shall assign a trial date if the case is to be tried. (Appendix 3 at 1-2.) Although the appointment of a new judge, the appointment of counsel, and the scheduling order occurred after the September 10, 2021 deadline, these proceedings are additional evidence of the State's continued "good faith effort to retry the Petitioner." (Appendix 1 at 2.)

Significantly, while Petitioner's retrial did not commence by September 10, 2021, the State complied with this Court's writ because Petitioner was released from custody on September 10, 2021. Petitioner's case is thus analogous to *Girts*, in which the Sixth Circuit held that there were not extraordinary circumstances that would bar reprosecution. In *Girts*, the district court issued a conditional writ stating that "[u]nless the State of Ohio grants Petitioner a new trial within 180 days from the date of this Order, Petitioner is to be released from custody at that time." *Girts*, 600 F.3d at 579. Shortly before the deadline expired, the respondent moved for a 30-day extension of time to comply with the writ, which the district court granted. *Id.* Girts filed a motion for reconsideration, and while that motion was pending, the respondent convened a pretrial hearing in which Girts was appointed counsel. *Id.* The district court subsequently granted the motion for consideration and ordered Girts's release. *Id.* The respondent released Girts in compliance with this order. *Id.*

The Sixth Circuit concluded that the respondent was not prohibited from retrying Girts. *Id.* at 582-586. The court explained that the failure to retry Girts within 180 days was not a violation of the conditional writ, as the writ provided that the respondent could either retry or release Girts.

*Id.* at 585. The court observed that the respondent released Girts within the time period that the district court's order provided. *Id.* And "crucial to [the court's] analysis" was the fact that the respondent "was technically always compliant with court orders." *Id.* at 585 n.6. The court further noted that "the continued incarceration of Petitioner on the improper conviction may have presented 'extraordinary circumstances'" barring reprosecution. *Id.*

Here, this Court's conditional writ was nearly identical to the conditional writ in *Girts*. This Court issued a conditional writ "that will result in [Petitioner's] release unless . . . [Respondent] actually commences [Petitioner's] retrial within 120 days of entry of this order." (ECF No. 64, Page ID# 6228.) Although Petitioner's retrial did not commence within 120 days of this Court's order, Petitioner was released within the time period provided by the conditional writ of habeas corpus. Because the State complied with this Court's order, this Court should find that the State is not prohibited from retrying Petitioner, just as the Sixth Circuit concluded in *Girts* when confronted with an almost materially indistinguishable set of facts.

Additionally, Petitioner cannot show any prejudice stemming from the failure to commence his retrial by September 10, 2021. Petitioner was released in compliance with this Court's writ, and he is currently not in custody. (Attachment 1 at 3.) The District Attorney General stated that he sees no reason for Petitioner to be incarcerated during pretrial proceedings and that the State has no plans to rearrest Petitioner unless he is charged with new offenses prior to trial. (*Id.*) Petitioner's case is thus not one where he "languishes behind prison bars while the State remains passive in the face of accumulating prejudice," *Scott*, 576 F. Supp.2d at 837, or where he improperly serves time on an invalid conviction. *See, e.g., Lovins v. Parker*, 604 F. App'x 489, 491 (6th Cir. 2015) (observing that the fact that the petitioner had not served time on an invalid conviction or been imprisoned beyond the maximum sentence that could be imposed weighed

against an order prohibiting the State from resentencing the petitioner); *Means v. Phillips*, 136 F. Supp.3d 872, 894 (W.D. Tenn. 2015) (citing *Lovins* for the same proposition).

Moreover, Petitioner's constitutional rights have not been further abridged.  Any retrial will not contain the testimony of Ms. Blackwell that the Sixth Circuit concluded denied Petitioner his right of confrontation.  And while Petitioner broadly asserts that a retrial would trigger Double Jeopardy protections, (ECF No. 70, Page ID# 6263), the Double Jeopardy Clause generally "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction."  *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988).

Furthermore, Petitioner has not cited any cases where a court prohibited a retrial in a similar situation.  *See Girts*, 600 F.3d at 585 (opining that barring a retrial would not be appropriate where "the parties have cited, and we have independently found, no case where retrial was barred in a similar situation").  And his case is readily distinguishable from *Satterlee*, upon which he relies for the principle that this Court has the authority to forbid reprosecution.  (ECF No. 70, Page ID# 6266.)  In *Satterlee*, the Sixth Circuit concluded that the district court had jurisdiction to bar reprosecution of Satterlee after the State failed to make a plea offer within the 60-day period afforded by the conditional writ.[1]  *Satterlee*, 453 F.3d at 370.  Here, unlike in *Satterlee*, the State complied with this Court's conditional writ by releasing Petitioner in the time allotted by the writ. Therefore, the "extraordinary circumstances" present in *Satterlee* are not present in Petitioner's case.

---

[1] The Sixth Circuit concluded that it was not clear whether the district court's unconditional writ barred future prosecution of Satterlee and remanded the case for the district court to clarify whether the writ permitted reprosecution.  *Id.* at 370.  On remand, the district court summarily concluded that the State could not reprosecute Satterlee.  *Satterlee v. Wolfenbarger*, No. 03-71682-DT, 2007 WL 1452926, at *2 (E.D. Mich. May 17, 2007).

While the State did not commence Petitioner's retrial by September 10, 2021, this Court should find that the State is not barred from reprosecuting Petitioner.  The State took steps to commence the retrial and, most importantly, substantially complied with this Court's writ by releasing Petitioner from custody within the time period specified by the writ.  Petitioner has not shown that extraordinary circumstances warrant the prohibition of his reprosecution, and this Court should deny his motion.

## IV. CONCLUSION

For the above-argued reasons, this Court should deny Petitioner's motion.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/ *Richard D. Douglas*
Richard D. Douglas
Senior Assistant Attorney General
Criminal Appeals Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-4125
Fax: (615) 532-4892
Email: Davey.douglas@ag.tn.gov
Tenn. B.P.R. No. 032076

**CERTIFICATE OF SERVICE**

I certify that the foregoing Response was filed electronically on November 8, 2021, and that a copy was sent automatically by the Court's electronic filing system via a notice of docket entry to Petitioner's counsel, Janet Goode and Michael Ryan Working, at the following email addresses: janet@janetgoodelaw.com and workinglaw@gmail.com.

/s/ *Richard D. Douglas*
RICHARD D. DOUGLAS
Senior Assistant Attorney General